## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**DONALD HAWKINS, as the Personal**
**Representative of the Estate of**
**LAWRENCE FRED HAWKINS,**
**Deceased,**

      **Plaintiff,**

**v.**                           **CASE NO. 1:19-cv-00992-KD-M**

**CITY OF PRICHARD, ALABAMA**
**and JONATHAN MURPHY,**
**Individually and in his official capacity**
**as a Police Officer,**

      **Defendants.**

### ANSWER

COMES NOW Defendant, City of Prichard, by and through undersigned counsel, and files his Answer to Plaintiff's Complaint, stating as follows:

### I.    INTRODUCTION

1.    The City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

2.    The City of Prichard admits that, on November 18, 2017, at the time of the incident made the basis of Plaintiff's Complaint, Officer Murphy was on duty with the City of Prichard Police Department.  The remaining allegations of this paragraph are denied, and the City of Prichard demands strict proof thereof.

3.    Denied.

4.    Denied.

5.    Denied.

6.     Denied.

7.     Denied.

8.     Denied.

## II.     PARTIES

9.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint and therefore denies same.

10.     Admitted.

11.     The City of Prichard admits it is a municipality organized under the laws of the State of Alabama, and that it operates the City of Prichard Police Department.  The remaining allegations of this paragraph are denied, and the City of Prichard demands strict proof thereof.

## III.     JURISDICTION AND VENUE

12.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

13.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

14.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

## IV.   <u>FACTS</u>

15.     Upon information and belief, the City of Prichard admits that Lawrence Hawkins pulled into the driveway at 1021 First Avenue in Prichard, Alabama on November 18, 2017. The remaining allegations of this paragraph are denied, and the City of Prichard demands strict proof thereof.

16.     Denied.

17.     Denied.

18.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint and therefore denies same.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint and therefore denies same.

24.     Denied.

25.     Admitted.

26.     Denied.

V.      **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)**

(By Plaintiff Donald Hawkins against Jonathan Murphy)

27.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

28.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

29.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

30.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

31.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

32.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

33.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. §1983)

(By Plaintiff Donald Hawkins against Defendant Jonathan Murphy)

34.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

35.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

36.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

37.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations

of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

38.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

39.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

40.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

41.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

42.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

43.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

44.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

45.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

46.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

47.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. §1983)**

(By Plaintiff Donald Hawkins against Defendant Jonathan Murphy)

48.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

49.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

50.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

51.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

52.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

53.     The City of Prichard admits that Officer Murphy was at all times material to Plaintiff's Complaint acting under color of law in the line and scope of his employment with the

City of Prichard. The remaining allegations of this paragraph are denied, and the City of Prichard demands strict proof thereof.

54.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

55.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

56.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

57.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

58.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)**

(By Plaintiff Donald Hawkins against Defendant City)

59.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

60.     Denied.

61.     (a) – (e). Denied, including all subparts.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

70.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. §1983)**

(By Plaintiff Donald Hawkins against Defendant City)

71.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

82.     The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

## SIXTH CLAIM FOR RELIEF

**Assault and Battery**

(Wrongful Death)

(By Plaintiff Donald Hawkins against Defendants Murphy and City)

83.    The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

84.    The City of Prichard admits that Officer Murphy shot the decedent while Officer Murphy was working as a police officer for the City of Prichard, and acting within the line and scope of his duties.   The remaining allegations of this paragraph are denied, and the City of Prichard demands strict proof thereof.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

The City of Prichard further denies that the Plaintiff is due or entitled to any relief sought in the *ad damnum* clause of Count Six of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Wrongful Death)

(By Plaintiff Donald Hawkins against Defendants Murphy and City)

90.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

91.     (a) – (i).  Denied, including all subparts.

92.     Denied.

93.     Denied.

94.     Denied.

The City of Prichard further denies that the Plaintiff is due or entitled to any relief sought in the *ad damnum* clause of Count Seven of Plaintiff's Complaint/

## EIGHTH CLAIM FOR RELIEF

### Tort of Outrage

95.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.

96.     Denied.

97.     Denied.

98.     Denied.

The City of Prichard further denies that the Plaintiff is due or entitled to any relief sought in the *ad damnum* clause of Count Eight of Plaintiff's Complaint.

## COSTS AND ATTORNEYS FEES

99.     The City of Prichard adopts its previous responses to the prior averments and allegations of Plaintiff's Complaint as if fully set forth herein.  Further, the City of Prichard

denies that any violations of the decedent's constitutional rights occurred, or that Plaintiff is entitled to attorneys fees and costs under 42 U.S.C. §1988(b), and demands strict proof thereof.

## CONDITIONS PRECEDENT

100.    The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.

## TRIAL BY JURY

101.    The allegations of this paragraph do not appear to require a response from the City of Prichard.  To the extent a response is required, the City of Prichard denies the allegations of this paragraph.  Further, the City of Prichard denies that any violations of the decedent's constitutional rights occurred, and demands strict proof thereof.


The City of Prichard further denies that the Plaintiff is due or entitled to any relief sought in the *ad damnum* clause of Plaintiff's Complaint.

The City of Prichard further denies all allegations in the Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    This Defendant claims the benefits of all immunities available to him by statute or common law.

2.    This action is barred by the applicable statutes of limitation.

3.    The Complaint fails to state a claim against this Defendant for which relief can be granted.

4.     This Defendant claims it acted with justification at all times material to the allegations of Plaintiff's Complaint.

5.     This Defendant claims it acted reasonably and in good faith at all times material to the allegations of Plaintiff's Complaint.

6.     At all times material to Plaintiff's Complaint, the only force used was such force as was reasonably necessary under the circumstances.

7.     This Defendant asserts the right to use force in self-defense or in defense of others.

8.     This Defendant asserts the right of peace officers to use deadly physical force to the extent they reasonably believe it necessary in order to defend themselves or a third person from what they reasonably believe to be the use or imminent use of deadly physical force and/or force which could cause serious bodily injury.

9.     This Defendant asserts the right of its officers and employees to stand their ground in accordance with applicable law.

10.    This Defendant asserts the benefits and protections of *Ala. Code.* §13A-3-22 (1975).

11.    This Defendant asserts the benefits and protections of *Ala. Code.* §13A-3-23 (1975).

12.    This Defendant asserts the benefits and protections of *Ala. Code.* §13A-3-24 (1975).

13.    This Defendant asserts the benefits and protections of *Ala. Code.* §13A-3-27 (1975).

14.    This Defendant asserts the defense of provocation.

15.     This Defendant asserts the defense of privilege.

16.     This Defendant asserts the defense of unclean hands.

17.     This Defendant asserts the actions of its officers or employees were at all times based upon probable cause of arguable probable cause.

18.     This Defendant asserts Plaintiff's claims are barred because plaintiff cannot benefit from his own unlawful activity.

19.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

20.     Plaintiff's decedent was himself guilty of contributory negligence which proximately caused or contributed to his injuries and death.

21.     Plaintiff's decedent assumed the risk of his injuries and/or death and Plaintiff's claims are therefore barred.

22.     This Defendant's employees and agents acted in self-defense with respect to Plaintiff's decedent, and pleads all statutes and common law which bar Plaintiff's claims.

23.     The alleged injuries and damages of Plaintiff and/or Plaintiff's decedent were not proximately caused by this Defendant or its employees or agents.

24.     The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission by or on behalf of this Defendant and are too remote and speculative to warrant a recovery against this Defendant.

25.     This Defendant is relieved of liability because other intervening and superseding causes of loss, injury, or damage alleged by Plaintiff were the actual and proximate cause of Plaintiff's alleged injuries.

26.     In that there was a total absence of any causal connection between any actions of this Defendant and the injuries of the Plaintiff and/or the Plaintiff's decedent, Plaintiff cannot recover.

27.     This Defendant claims the benefit of peace officer immunity under *Alabama Code* § 6-5-338 (1975).

28.     This Defendant claims the benefits of all statutes limiting the imposition of damages on municipalities or municipal employees.

29.     This Defendant claims the protections and benefits of Ala. Code §11-47-190 (1975).

30.     This Defendant claims the protections and benefits of Ala. Code § 11-93-2 (1975).

31.     This Defendant claims the protections and benefits of Ala. Code § 11-47-191 (1975).

32.     Any claim or cause of action asserted against this Defendant under state law is barred due to plaintiff's failure to comply with the applicable statute of non-claims.

33.     Any claim or cause of action asserted against this Defendant under state law is barred due to plaintiff's failure to file a sworn notice of claim.

34.     Any claim or cause of action asserted against this Defendant for intentional conduct is barred.

35.     This Defendant claims the benefits of all statutes limiting the collection of judgments against municipalities and/or municipal officers or employees.

36.     This Defendant claims discretionary function immunity.

37.     This Defendant claims state agent immunity.

38.     This Defendant claims sovereign immunity.

39.     This Defendant claims qualified immunity applicable to this Defendant and its law enforcement employees.

40.     This Defendant cannot be held liable pursuant to 42 U.S.C. §1983 under any theory of respondeat superior liability.

41.     This Defendants claims substantive immunity.

42.     This Defendant pleads the sudden emergency doctrine.

43.     No allegedly unconstitutional policy of this Defendant has been implicated which allegedly caused or contributed to the injuries or damages claimed.

44.     To the extent the Plaintiff is seeking punitive damages, punitive damages are not recoverable against this Defendant under the laws of the State of Alabama.

45.     This Defendant contests each and every items of damages claimed by Plaintiff and demands strict proof thereof.

46.     This Defendant asserts that the sole proximate cause of plaintiff's alleged injuries and damages are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this Defendant, and as such, this Defendant can have no liability whatsoever for the complaint and causes of action asserted against it.

47.     Any award of punitive damages in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

48.     The imposition of punitive damages, without specific guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

49.     Plaintiff's claim for punitive damages violates the Fifth and Fourteenth

Amendments of the United States Constitution on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause; and

(g)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

50.     Plaintiff's claim for punitive damages violates the due process provisions of the

Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

51.     The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

52.     This Defendant reserves the right to add additional affirmative defenses.


/s/ *Mark L. Redditt*
MARK L. REDDITT (REDDM5141)
H. FINN COX, JR. (COXHE6462)
*Attorneys for Defendant the City of Prichard*


OF COUNSEL:

MAYNARD COOPER & GALE, PC
11 North Water Street, Suite 24290
Mobile, AL  36602-5024
Telephone: (251) 432-0001
Facsimile: (251) 432-0007
mredditt@maynardcooper.com
fcox@maynardcooper.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that, on December 27, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing of the foregoing to all counsel of record.

/s/ <i>Mark L. Redditt</i>                
MARK L. REDDITT
