## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| DONALD HAWKINS, as the Personal Representative of the Estate of LAWRENCE FRED HAWKINS, Deceased, | ) ) ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 1:19-cv-00992 |
| CITY OF PRICHARD, ALABAMA and JOHNATHAN MURPHY, Individually and in his official capacity as a Police Officer, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Donald Hawkins, and duly appointed, qualified, and acting as the Personal Representative of the Estate of Lawrence Fred Hawkins, deceased, by and through his undersigned counsel, who files his claims against the above named Defendants: City of Prichard, Alabama (hereinafter may be referred to as "Defendant CITY") and Johnathan Murphy (hereinafter may be referred to as "Defendant MURPHY") and alleges as follows:

## I. INTRODUCTION

1. This is an action brought by the Plaintiff against the Defendant CITY and Defendant MURPHY for his use of excessive force resulting in the death of Lawrence Fred Hawkins ("Hawkins") under the color of law in violation of his individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2. On or about November 18, 2017, while on duty with City of Prichard Police Department,

Defendant MURPHY fatally shot unarmed Decedent, Lawrence Hawkins, while he was attempting to safely exit his parked vehicle in front of his home.

3.   The City of Prichard's customs, policies, practices, acts, and omissions allowed Defendant Murphy to use excessive force to fatally harm Lawrence Hawkins.

4.   The Plaintiff's injuries and damages are attributable to unconstitutional written and unwritten City of Prichard Police Department's policies on the use of force.

5.   The City has long been on notice that there is a significant risk that Police Officers may unlawfully use excessive force in dealing with civilians.

6.   Despite being on notice of the potential for unlawful use of excessive force, the City acted with deliberate indifference to the substantial risk of harm to civilians, including the Decedent.

7.   Plaintiff alleges that the Prichard City Council, vested with all powers of the City and the determination of all matters of policy and Chief of Police, Walter Knight ("Chief Knight"), delegated with authority for setting policies, including training of the Prichard Police Officers, had a duty, but failed to implement and enforce such policies, practices and procedures for the PPD that respected their constitutional rights to protection and equal treatment under the law. Chief Knight was also aware that there were issues with the deficiency in radio clarity and transmission but failed to timely correct the issue.

8.   The duty to manage and train Prichard Police Officers is delegated to Chief Knight by the Prichard City Council.  The Prichard City Council, the City Manager and Chief Knight's failure to implement the necessary policies and the (de facto) implementation of unconstitutional policies, deprived Lawrence Hawkins of equal protection and due process under the Fourth

Amendment, and caused him to experience an unwarranted and excruciating physical and mental anguish before his ultimate death.

9. For these civil rights violations and other causes of actions discussed herein, Plaintiff seeks answers and compensation in connection with the fatal police shooting of the Decedent, Lawrence Hawkins.

## II. PARTIES

10. Plaintiff DONALD HAWKINS is a natural person over the age of 21 years residing in Satsuma, Alabama located in the Southern District of Alabama and was the natural brother of DECEDENT Lawrence Hawkins. DONALD HAWKINS is the duly appointed, qualified, and acting as the Personal Representative of the Estate of Lawrence Fred Hawkins and seeks wrongful death damages under federal and state law.

11. Defendant JOHNATHAN MURPHY is a resident of Mobile County, Alabama located in the Southern District of Alabama and is a natural person over the age of 21 years. At all times relevant to this lawsuit, the CITY OF PRICHARD employed Defendant MURPHY as a Police Officer.  Defendant MURPHY has been served and has appeared in this case.

12. Defendant CITY is a municipality located in Prichard Alabama. Defendant CITY funds and operates the Prichard Police Department ("PPD"), which, along with the Prichard City Council, the City Manager and Chief Knight are responsible for the implementation of the PPD's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The PPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Prichard. All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and practices of Defendant, CITY. The of City of Prichard's has the  responsibility and duty to promulgate, implement, train

and enforce policies and procedures prohibiting unlawful detentions, arrests, and exercises of excessive and deadly force, in violation of minimum constitutional and statutory requirements; to properly hire, fire, discipline, train and supervise police officers and to not hire or retain police officers with a known propensity for police misconduct.   At all relevant times, Defendant CITY is and was a duly organized public entity, form unknown, existing under the laws of the State of Alabama, situated within the Southern District of Alabama.  Defendant CITY has been served and has appeared in this case.

### III.  JURISDICTION AND VENUE

13. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 1331 and 1343(a)(3) and (4) to obtain redress for the deprivation of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

14. The Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 for state claims that arise from the same facts and circumstances from which Plaintiff's federal claims arose.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), in that the events or occurrences giving rise to Plaintiff's claims occurred in the Southern District of Alabama, in that all incidents, acts or omissions about which Plaintiff complains occurred in the County of Mobile, Alabama.

### IV.  FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.  On or about November 18, 2017, LAWRENCE HAWKINS ("Decedent") was parked outside of his residence located at 1021 1st Avenue in Prichard, Alabama after recently arriving home.

17. Defendant MURPHY, upon information and belief who had only been employed with the PPD for approximately eighteen (18) months, attempted to perform an unlawful traffic stop on DECEDENT while he was parked outside his residence. At no time prior to approaching Decedent did MURPHY have on his emergency siren nor did he ever attempt to provide adequate warning to DECEDENT.  MURPHY alleges that he followed DECEDENT after observing DECENDENT cut through a parking lot to make a turn. MURPHY alleges that prior to approaching the DECENDENT, who was still seated in his car, he attempted to call for back-up several times but could never get radio transmission.  MURPHY alleged that he waited for back-up to arrive but no one arrived.  MURPHY stated that it was normal to have difficulty in transmitting over the radio while on duty.  This was confirmed by Sheila Kober, a dispatcher for the City.

18. Without any back-up, Defendant MURPHY made contact with DECEDENT and discharged multiple rounds of his firearm at DECEDENT as DECEDENT attempted to safely exit his vehicle, including a shot to DECEDENT'S  lateral left back, lower left chest and the left forearm, causing DECEDENT serious physical injury and eventually death. At no time did DECEDENT charge towards MURPHY or any other person nor did DECEDENT have any weapons in his possession.

19. At the time of the shooting, DECEDENT was unarmed and was not committing a crime.

20. At the time of the shooting DECEDENT posed no immediate threat of death or serious physical injury to Defendant MURPHY, or any other person, especially since he was unarmed and simply exiting his parked vehicle outside of his own residence.

21. Defendant MURPHY did not give DECEDENT a verbal warning that deadly force would be used prior to shooting DECEDENT multiple times, despite it being feasible to do so and he did not issue appropriate commands to DECEDENT.

22. DECEDENT never verbally threatened anyone prior to being fatally shot by Defendant MURPHY. Further, DECEDENT was not suspected of committing any serious crime involving a deadly weapon, Defendant MURPHY did not observe DECEDENT commit any crime and had no information that DECEDENT was armed with a weapon, and there was no information that DECEDENT had physically injured anyone.

23. Defendant MURPHY shot DECEDENT even though he was not an immediate threat of death or serious bodily injury to MURPHY or anyone else and there were other less than lethal options available. Defendant MURPHY did not show a reverence for human life. Defendant MURPHY is responsible for every single shot he fired and this was not an immediate defense of life situation.

24. On information and belief, Defendant MURPHY had no information that DECEDENT had committed a felony.

25. After striking DECEDENT with multiple rounds, Defendant MURPHY did not provide or summons timely medical attention for DECEDENT, who had obvious serious injuries nor could he due to a new communication system that was not programmed to the officers' radio. This incident would have not occurred had MURPHY simply taken cover or had the ability to dispatch for back-up.  It would have been obvious that DECEDENT was unarmed and not a threat to anyone.

26. Defendant CITY is responsible for the hiring, training and supervision of its employees.

27. Decedent's injuries and damages are attributable to unconstitutional written and unwritten PPD policies on the use of force.

**A. The PPD's written policies on the use of force are facially unconstitutional and caused the violation of Plaintiff's Fourth Amendment rights.**

The Prichard Police Department's General Orders Manual includes the following policies on the use of force:

**"RESPONSE TO RESISTANCE"**

**III. PROCEDURE**

A. Deadly Force

4 (a) Officers may only use deadly force to protect themselves or others from what they reasonably believe to be an imminent threat of death or serious physical injury.

The General Orders Manual defines "reasonable belief" as follows:

**DEFINITIONS**

4. Reasonably believe :

Reasonably believe or "reasonable belief" as used in this policy is defined as belief that an ordinary, prudent man would form under the circumstances in question and one not recklessly or negligently formed.

28.  Because this policy directly contradict what the United States Supreme Court has determined are the constitutional limits of the use of force, the policy is facially unconstitutional. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *see also Cole v. Carson*, 935 F.3d 444, 453 (5th Cir. Aug. 20, 2019) (reh'g en banc) (officers not justified in using deadly force "[w]here the suspect *poses no immediate threat* to the officer and no threat to others.") (emphasis added); *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene"—not based on the particular officer's subjective evaluations).

29. MURPHY acted on the Prichard's facially unconstitutional polices on the use of force when he used excessive deadly force against DECEDENT, causing DECEDENT's death. MURPHY was unjustified in using deadly force against the DECEDENT, because  DECEDENT didn't pose any actual, immediate threat to MURPHY or others.  The DECEDENT was attempting to exit his vehicle and was unarmed when MURPHY made the decision to fire multiple rounds at DECEDENT. The Decedent did not have a weapon in his hands, and was not attempting to cause bodily harm to MURPHY or others.  The DECEDENT was not actively resisting arrest or attempting to evade arrest by flight when MURPHY fired multiple shots at the DECEDENT.  And at the time MURPHY drew his firearm, he had no previous interaction with the DECEDENT.  Shooting at the DECEDENT based on nothing more than MURPHY'S subjective perception of danger---as the PPD's use of force policies unconstitutionally instruct officers they may---was objectively unreasonable and violated the Fourth Amendment rights of  the Decedent. Therefore, the PPD's use-of-force policies were moving forces behind Plaintiff's constitutional injuries.

**B. The City of Balch Springs' unwritten policies also caused the violation of Plaintiffs' Fourth Amendment rights.**

30. The PPD continually failed to train its officers adequately in the constitutional use of force, specifically firing at an unarmed suspect. Even if the PPD trained its officers in accordance with its own written policies on the use of force, such training was necessarily inadequate to instruct officers in the constitutional limits on force, because the policies themselves promote unconstitutional uses of non-deadly and deadly force. By training its officers—including MURPHY—to follow unconstitutional written use-of-force policies, the City of Prichard failed to train MURPHY regarding deadly and non-deadly force in a manner that is consistent with what the Constitution permit. MURPHY's lack of training in the constitutional limits of the use of force caused him to use deadly force against the DECEDENT  when he posed no immediate threat of harm to MURPHY or anyone else. In sum, the City of  Prichard's written policy and training failures caused MURPHY to use

excessive deadly force that was unjustified by the circumstances, in violation of the Fourth Amendment right of the DECEDENT —a moving force behind the constitutional injuries the DECEDENT suffered.

31. As a result of the actions of Defendants CITY and MURPHY, the DECEDENT, Lawrence Hawkins, was caused to experience extreme pain and suffering and his eventual wrongful death.

## V.  CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiff Donald Hawkins against Johnathan Murphy)

32. Plaintiff repeats and re-alleges each and every allegation in paragraph 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Defendant MURPHY caused DECEDENT to be detained and he attempted to arrest DECEDENT in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. As a result of the conduct of Defendant MURPHY, he is liable for DECEDENT's injuries because he was an integral participant to the violations of DECEDENT's rights.

35. The DECEDENT was detained without reasonable suspicion by Defendant MURPHY and attempted to arrest DECEDENT without probable cause.

36. The conduct of Defendant MURPHY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant MURPHY.

37. Accordingly, Defendant MURPHY is liable to Plaintiff for compensatory and punitive damages, including wrongful death damages, under 42 U.S.C. § 1983.

38. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff Donald Hawkins against Defendants Johnathan Murphy)

39.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.  Plaintiff would show that Defendant MURPHY's actions on the occasion in question were excessive and wrongful in depriving the Decedent of his constitutional rights, as alleged more fully below.

41. Plaintiff would show that at all times material hereto, Defendant MURPHY had a duty to avoid the infliction of unjustified bodily injury to the DECEDENT, to protect his bodily integrity and to not trample on his constitutional rights, including the right to be free from the use of excessive force.

42. Plaintiff would show that Defendant MURPHY failed to act as a reasonable officer would have acted in the same or similar circumstances.  That is, Defendant MURPHY, without justification and the need to do so, fatally shot the DECENDENT in the back as DECEDENT attempted to exit his vehicle.

43. Defendant MURPHY's unjustified shooting deprived DECEDENT of his right to be secure against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. Defendant MURPHY's conduct violated a clearly established constitutional right—the right to be free from excessive force—that was established well before Defendant MURPHY fatally shot the DECEDENT.

45. The unreasonable use of force by Defendant MURPHY deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of services, loss of wages, loss of enjoyment of life and eventually suffered a loss of life.

47. As a result of the conduct of Defendant MURPHY, he is liable for DECEDENT's injuries because he was an integral participant in the excessive force.

48. The use of deadly force was excessive because this was not an immediate defense of life situation, Defendant MURPHY did not give a verbal warning that deadly force would be used despite it being feasible to do so, there were no commands given and there were other reasonable options available other than shooting and killing DECEDENT.

49. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed and he was attempting to exit his parked vehicle outside of his own residence. Defendant MURPHY fired multiple rounds of his handgun striking DECEDENT in the back. Defendant's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

50. The conduct of Defendant MURPHY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant MURPHY.

51. Plaintiff brings this claim as the personal representative of the DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights.

52. Plaintiff also seeks attorney fees under this claim.

### THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiff Donald Hawkins against Defendants Johnathan Murphy)

53. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54. Plaintiff Donald Hawkins had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his brother, DECEDENT.

55. As a result of the excessive force by Defendant MURPHY, DECEDENT died. Plaintiff was thereby deprived of his constitutional right of familial relationship with DECEDENT.

56. Defendant MURPHY, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with his familial relationship with DECEDENT.

57. The aforementioned actions of Defendant MURPHY, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional

rights of DECEDENT and Plaintiff with purpose to harm unrelated to any legitimate law enforcement objective.

58. Defendant MURPHY, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiff.

59. As a direct and proximate cause of the acts of Defendant MURPHY, Plaintiff has suffered and continues to suffer from severe emotional distress and mental anguish.

60. As a result of the conduct of Defendant MURPHY, he is liable for DECEDENT'S fatal injuries because he was an integral participant in the denial of due process.

61. The conduct of Defendant MURPHY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant MURPHY.

62. Plaintiff brings this claim individually and seeks wrongful death damages for the violation of Plaintiff's rights.

63. Plaintiff also seeks attorney's fees under this claim.

### <u>FOURTH CLAIM FOR RELIEF</u>

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff Donald Hawkins against Defendant City)

64. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-63 of this Complaint with the same force and effect as if fully set forth herein.

65. Defendant CITY is liable for all damages suffered by the Plaintiff pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) and 42 U.S.C. § 1983, based on an official policy or custom of the Prichard Police Department of which the policymakers, including the Prichard City Council, the City Manager and Chief Knight all had actual or constructive knowledge that

such policies and customs were a moving force behind the constitutional violations alleged herein

66. On and for some time prior to November 18, 2017 (and continuing to the present date) Defendant CITY, deprived Plaintiff and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff's and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including Defendant MURPHY, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including Defendant MURPHY, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force and de-escalation techniques;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate

training regarding these subjects. The policies, customs, and practices of Defendant CITY were done with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY Police Officer, Defendant MURPHY, with respect to shooting unarmed individuals, including, but not limited to, individuals sitting in their parked vehicle outside of their own home.

67. By reason of the aforementioned policies and practices of Defendant CITY, DECEDENT was fatally injured and subjected to pain and suffering and lost his life.

68. Defendant CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

69. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's constitutional rights. Defendant CITY's actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

70. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT.

71. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff was caused to incur medical expenses, funeral and related burial expenses.

72. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff has suffered and continues to suffer from severe emotional distress and mental anguish.

73. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74. Plaintiff seeks wrongful death damages under this claim.

75. Plaintiff also seeks attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Failure to Train (42 U.S.C. § 1983)

(By Plaintiff Donald Hawkins against Defendant City)

76. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, Defendant MURPHY'S shooting of DECEDENT, who was unarmed, deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

78. The training policies of the defendant CITY police department were not adequate to train its police officers, including but not limited to Defendant MURPHY, with regards to using deadly force. As a result, CITY police officer Defendant MURPHY is not able to handle the usual and recurring situations with which he must deal, including making contact with unarmed

individuals sitting in their parked vehicles outside their own home. These inadequate training policies existed prior to the date of this incident and continue to this day.

79. The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officer Defendant MURPHY adequately with regards to using deadly force. This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using deadly force, to give commands when feasible prior to using deadly force, to take cover when the officers believe an individual is armed, to announce themselves as police and to use less than lethal options, prior to resorting to the use of deadly force.

80. Defendant CITY was aware that failure to implement some sort of training with regards to their officers' use of deadly force and dealing with unarmed suspects would result in continuing to have numerous unreasonable officer involved shootings of unarmed individuals annually.

81. The failure of the Defendant CITY police department to provide adequate training with regards using deadly force, caused the deprivation of the Plaintiff DECEDENT's rights by Defendant MURPHY. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff DECEDENT's rights as to be the moving force that caused the ultimate injury.

82. By failing to provide adequate training to CITY's police officers, including Defendant MURPHY, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's constitutional rights. Defendant CITY's actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

83. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff was caused to incur medical expenses, incur funeral and related burial expenses.

84. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff has suffered and continues to suffer from severe emotional distress and mental anguish

85. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86. Plaintiff seeks wrongful death damages under this claim.

87. Plaintiff also seeks attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF

Assault and Battery

(Wrongful Death)

(By Plaintiff Donald Hawkins against defendants MURPHY and CITY)

88. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89. Defendant MURPHY, while working as a police officer for the CITY Police Department, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times, including shots to his back and chest. Further, DECEDENT was unarmed at the time of the shooting and Defendant MURPHY did not give any verbal warning or commands prior to shooting DECEDENT. The use of deadly force was also unreasonable because there were clearly less than lethal options available.

90. As a result of the actions of Defendant MURPHY, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries. Defendant MURPHY had no legal justification for using force against DECEDENT and said

Defendant's use of force while carrying out his officer duties was an unreasonable use of force, especially since DECEDENT was unarmed when he was fatally shot without verbal warning.

91. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff suffered extreme and severe mental anguish, pain and suffering. Plaintiff is also claiming funeral and burial expenses.

92. Defendant CITY is vicariously liable for the wrongful acts of Defendant MURPHY for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93. The conduct of Defendant MURPHY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff, individually and as personal representative to DECEDENT, to an award of exemplary and punitive damages.

94. Plaintiff brings this claim both individually and as the personal representative of the estate of DECEDENT, seeking wrongful death damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully demands the following relief against JOHNATHAN MURPHY, and CITY OF PRICHARD, jointly and severally, pursuant to the Alabama Wrongful Death Statute, *Code of Alabama*, §6-5-410:

a)    punitive damages in an amount to be determined by a jury that will punish the wrongdoer and deter future similar wrongs;

b)    interest and court cost, and

c)    other further relief as the Court may deem just and proper.

### SEVENTH CLAIM FOR RELIEF

Negligence (Wrongful Death)

(By Plaintiff Donald Hawkins against Defendant MURPHY and CITY)

95. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96. The actions and inactions of the Defendants were negligent, including but not limited to:

(a) the failure to properly and adequately train employees, including Defendant MURPHY, with regards to the use of force, including deadly force;

(b) the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

(c) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(d) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(e) the failure to provide and or summons prompt medical care to DECEDENT;

(f) shooting an unarmed individual;

(g) failure to train on the use of excessive force and de-escalation techniques;

(h) the failure to give a verbal warning or any kind of command prior to shooting; and

(i) the failure to properly train and supervise employees, both professional and non-professional, including Defendant MURPHY.

(j) the failure to maintain a proper radio system which was determined to be a causative factor in the shooting death of the DECEDENT.

97. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.

98. Defendant CITY is liable for its own acts and vicariously liable for the wrongful acts of Defendant MURPHY for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99. Plaintiff brings this claim as the personal representative of the estate of DECEDENT, seeking wrongful death damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully demands the following relief against JOHNATHAN MURPHY, and CITY OF PRICHARD, jointly and severally, pursuant to the Alabama Wrongful Death Statute, *Code of Alabama*, §6-5-410:

a)    punitive damages in an amount to be determined by a jury that will punish the wrongdoer and deter future similar wrongs;

b)    interest and court cost, and

c)    other further relief as the Court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF

### Tort of Outrage

100. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101. Defendants intentionally or recklessly caused DECEDENT to suffer fatal injuries and such other injuries and damages as alleged above.

102. The actions of MURPHY were so outrageous and extreme in degree as to go beyond all bounds of decency, are atrocious, and utterly intolerable in a civilized society.

103. The fatal injury MURPHY inflicted upon DECEDENT was so severe that no reasonable person could be expected to endure it.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully demands the following relief against JOHNATHAN MURPHY, and CITY OF PRICHARD, jointly and severally:

a)   punitive damages in an amount to be determined by a jury that will punish the wrongdoer and deter future similar wrongs;

b)   interest and court cost, and

c)   other further relief as the Court may deem just and proper.

## COSTS AND ATTORNEY FEES

104. Plaintiff incorporates by reference paragraphs 1 through 103 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).  As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

105. Plaintiff reserves his rights to plead and prove the damages to which he is entitled to at the time of trial.  All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

106. Plaintiff has paid a jury fee and demand trial by jury.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff respectfully prays judgment as follows as to all counts/claims:

A. An order entering judgment for him against Defendants on each of his claims for relief;

B. An award for compensatory damages against all Defendants, jointly and severally, for their violation of Plaintiff DECEDENT'S constitutionally protected rights, the amount to be determined at trial;

C. An award to Plaintiff of punitive damages against MURPHY on the basis of his conscious, criminal wrongdoing and/or callous indifference to Plaintiff's DECEDENT'S constitutional rights and welfare, the amount to be determined at trial;

D. An award to Plaintiff of the costs of this action, including reasonable attorneys' fees;

E. Preclusion of Defendant MURPHY from ever serving in the capacity of police officer; and

F. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Rodney F. Barganier*
RODNEY F. BARGANIER
ASB NUMBER: BAR125
Attorney for the Plaintiff, Donald Hawkins for the
Estate of Lawrence Hawkins
BARGANIER LAW GROUP, LLC
2730 Ensley Avenue
Birmingham, Alabama 35218
(205) 776-1776 – tel
(205) 278-8557 – fax
rfb@barganierlaw.net

**and**

By:  /s/ Daryl K. Washington

DARYL K. WASHINGTON
State Bar No. 24013714
**WASHINGTON LAW FIRM, P.C.**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214 880-4883
214-751-6685 - fax
dwashington@dwashlawfirm.com

Attorneys for Plaintiff**,** Donald Hawkins as the
Personal Representative for the Estate of Lawrence
Hawkins

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Alabama, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Daryl K. Washington
DARYL K. WASHINGTON